# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMAR HARE, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 C 1851 |
| COUNTY OF KANE, et al., | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANUM OPINION AND ORDER

Plaintiff Jamar Hare brought the instant four-count Complaint on March 16, 2014, alleging that Defendants Kane County, Kane County Sheriff Patrick Perez, Chris Lauzen, Regina Grones, and Unknown Sheriff's Deputies and Kane County Employees deprived Hare of his constitutional rights under the color of law under 42 U.S.C. § 1983. The allegations stem from incidents occurring during Hare's detention at the Kane County Jail as a pre-trial detainee. Specifically, Hare contends that there was a policy and practice constituting a *Monell* claim under 42 U.S.C. § 1983, *see Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978) (municipalities may be sued for constitutional deprivations caused by governmental custom) (Count I); which resulted in the denial of necessary medical care to Hare (Count II); requiring indemnification by the County per 55 ILCS 5/5-1002 (Count III); and that all Defendants intentionally inflicted emotional distress upon Hare (Count IV). Hare has since withdrawn his intentional infliction of emotional distress claim.

Kane County Sheriff Patrick Perez, Kane County, and Chris Lauzen now move to dismiss the Complaint. Sheriff Perez asserts that the Complaint fails to provide sufficient allegations to

plausibly support a *Monell* claim. Kane County, while acknowledging that it must indemnify Sheriff Perez for any judgment against him, contends that because it cannot be held liable for the actions of the Sheriff, the substantive claims pursued should be dismissed against it. Lauzen maintains that because the Complaint is brought against him in his official capacity and Kane County is already a Defendant, his involvement is unnecessary. For the following reasons, Sheriff Perez's Motion is denied, Kane County's Motion is granted in part without prejudice, and Lauzen's Motion is granted without prejudice.

## **BACKGROUND**

This Court takes the following allegations from the Complaint and treats them as true for purposes of the motions to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff Jamar Hare is a paraplegic. (Dkt. No. 1, Hare Compl. P. 3 ¶ 12). Consequentially, he has no control over his bowel or urinary system movements and requires the use of catheters to drain his bladder as well as colostomy bags and enemas administered regularly in order to avoid accidental defecation. (*Id*. at ¶¶ 2, 13). Around February 5, 2013, Hare was cleared for admission to Kane County Jail. (*Id.* at ¶ 15). The jail evaluator specifically noted that Hare required self-catheters and a colostomy bag. (*Id.* at ¶ 16). While at the Kane County Jail, Hare did not regularly receive the catheters he requires. He also developed bedsores. (*Id*. at ¶¶ 17, 18). On February 10, 2013, Hare had an evaluation in which his bedsores were examined and diagnosed as stage 2-3. (*Id.* at ¶ 19). Despite this evaluation, nothing was done to treat his conditions beyond changing Hare's dressings, which resulted in his conditions worsening. (*Id*. at ¶¶ 20, 21, 25, 36). Due to the pain he was experiencing, Hare requested to go to a hospital on February 25, 2013, but his request was refused. (*Id.* at ¶¶ 32, 33). At the time, he

was urinating blood and his stool was orange. (*Id.* at ¶ 34). Additionally, on February 25, 2013, Hare was placed on "lockdown." (*Id.* at ¶ 37). During that time he was not given the supplies he needs to expel waste and, as a result, Hare was forced to sit in his own urine and stool. (*Id*. at ¶ 38). Around March 1, 2013, Hare was released from Kane County Jail. (*Id*. at ¶ 39).

## **LEGAL STANDARD**

Rule 12 (b)(6) requires dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pled allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 619 (7th Cir. 2007). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id.* at 678. When the factual allegations are well-pled, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013).

**DISCUSSION**

Hare claims the Defendants are liable for his alleged injuries due to an implied policy or custom that demonstrated a deliberate indifference to Hare's medical needs, thereby violating his due process rights under the Fourteenth Amendment. (Compl. P. 6 ¶ 43).

**A. Sheriff Perez's Motion to Dismiss**

Sheriff Perez moves to dismiss the Complaint in its entirety. He asserts the Complaint alleges only a single instance of failure to provide catheters, colostomy bags, and enemas, which is insufficient to satisfy the requirements for a violation of 42 U.S.C. § 1983 under *Monell*. But here, Hare alleged frequent instances of a failure to provide adequate medical treatment over a twenty-five day period. Hare further alleged that this failure was the result of policies and procedures impacting inmates, such as Hare, with unique medical needs. Lastly, Hare alleged that this failure reflected a deliberate indifference to Hare's medical needs. This Court finds the Complaint alleges facts sufficient to survive a motion to dismiss. Therefore, Sheriff Perez's motion is denied.

**1. Requirements for a *Monell* Claim**

In *Monell*, 436 U.S. at 690, the Supreme Court held municipalities or other local government units could be included in the application of a 42 U.S.C. § 1983 claim. However, rather than on a *respondent superior* basis, municipalities and other government units can only be held liable when the harm caused was a result of: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Phelan v. Cook Cnty.*, 463 F.3d 773, 789

(7th Cir. 2006). Here, the Complaint asserts the harm suffered by Hare was the result of a well-settled policy or practice. (Compl. P. 6-7 ¶¶ 46(a)-46(g)).

"'Deliberate indifference' is the recognized standard of protection afforded to . . . pretrial detainees under the Fourteenth Amendment." *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849–50, (1998). For a successful *Monell* claim, "the plaintiff must show that . . . policymakers were 'deliberately indifferent as to [the] known or obvious consequences'" of the policy or practice at issue. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (quoting *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002)) (internal citation omitted). "In other words, they must have been aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff." *Thomas*, 604 F.3d at 303. Multiple instances can "lay the premise of deliberate indifference." *Palmer*, 327 F.3d at 596.

### a. Hare's Treatment Did Not Constitute a Single Instance

The Complaint must provide enough facts, if proven to be true, to support an inference that the implicit policy was so widely followed as to represent an official policy for which the municipality is liable. *See Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 675 (7th Cir. 2009). A single instance is not sufficient to support the notion of a "widespread practice." *Thomas*, 604 F.3d at 303.

"The prototypical situation of a "widespread practice" argument . . . would focus on the application of the policy to many different individuals." *Phelan*, 463 F.3d at 789. But in unique circumstances, many actions directed at a single individual can support the assertion of a widespread policy or custom. *See id.* at 773, 789-90 (7th Cir. 2006) ("[g]enerally speaking, we do not believe that a plaintiff should be foreclosed from pursuing Section 1983 claims where she

can demonstrate that repeated actions directed [solely] at her truly evince the existence of a policy."); *see also Davis v. Carter*, 452 F.3d 686, 695 (7th Cir. 2006) (a *single* death from inadequate methadone procedures at the Cook County Jail was sufficient to demonstrate an unconstitutional practice based on *Monell* when that death was the result of a series of bad acts occurring over a six day period to a *single* inmate); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (a valid *Monell* claim can result from the *single* suicide of an inmate which resulted from a correctional facility's overall practices towards the treatment of its mentally ill inmates).

Ultimately, "the plaintiff must introduce evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Phelan*, 463 F.3d at 790. For this Court's consideration of Sheriff Perez's motion, Hare's complaint need only "'contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint meets this bar.

Hare's Complaint alleges repeated instances of mistreatment that, if proven to be true, constitute sufficient evidence of an implied policy or custom. *Contra Calhoun v. Ramsey*, 408 F.3d 375, 382 (7th Cir. 2005) (correctional facility's failure to administer needed medication to the plaintiff on one particular evening was a single instance and insufficient to demonstrate a policy or practice). Such policies asserted by Hare include: (1) providing only one catheter per day, (2) not providing enemas for paraplegic inmates, (3) failing to properly train or direct medical or corrections personnel to assist paraplegic inmates, and (4) limiting inmates to one change of uniform per week. (*Id.* at ¶ 46(a)-(d)). Because the Complaint also alleges sufficient

examples of conduct that, accepted as true, demonstrate a deliberate indifference to the medical needs of certain inmates, it plausibly states a claim for relief.

The allegations contained in the Complaint, taken in the light most favorable to Hare, provide an implication that the Kane County Jail has a widespread policy or custom towards inmates who require catheters and enemas. This policy or custom plausibly could have resulted in a denial of adequate medical care to Hare. This denial may have demonstrated a deliberate indifference to Hare's welfare, which is an actionable deprivation of his Fourteenth Amendment rights. Therefore, Sheriff Perez's motion is denied.

### B. Kane County's Motion to Dismiss

Kane County moves to dismiss Count I against it, arguing that it is not responsible for the actions of the Kane County Sherriff who ultimately manages the Kane County Jail. Because the Complaint contains no facts plausibly demonstrating that the County had any role in the actions underlying Hare's *Monell* claim, Count I is dismissed against Kane County. However, because the County acknowledges that it is required to pay any judgment entered against Sheriff Perez, it is an indispensable party to the litigation and is not dismissed from the case entirely. As a result, the County's motion is granted in part.

Per 745 ILCS 10/9-102, the County is required to pay for a judgment "entered against the [C]ounty [S]heriff in his official capacity." *Askew v. Sheriff of Cook Cnty., Ill.* 568 F.3d 632, 636 (7th Cir. 2009). As such, it is a "necessary party in any suit seeking damages" against the Sheriff, and "because state law requires the [C]ounty to pay, federal law deems it in indispensable party to the litigation." *Id.* (quoting *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003)). The logic is clear: the County must remain in the suit so that it "may veto improvident settlements proposed (at [its] expense) by the [Sheriff]." *Carver*, 324 F.3d at 948.

7

However, Kane County is not independently responsible for actions of the Sheriff's Office, which Hare concedes is the official policymaker for Kane County Jail. *See Wilson v. Price*, 624 F.3d 389, 395 n.3 (7th Cir. 2010) (citing *Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) (because Illinois sheriffs are independently elected officials, they are not subject to the control of the county)). Here, there can be no reasonable inference that Kane County contributed to the conduct Hare alleges he was subject to while at Kane County Jail. While Hare contends that Kane County maintains a policy of limiting expenditures by (1) failing to order sufficient catheters and enemas for inmates; (2) reducing the number of medical personnel at the Kane County Jail; and (3) refusing hospitalization for inmates, *see* Compl. ¶ 46(e)-(g), Hare alleges no facts tending to either support these propositions or demonstrate that those decisions are made by the County and not the Sheriff. Accordingly, he has failed to plausibly substantiate any *Monell* liability attachable to Kane County. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (plaintiff must go beyond a "formulaic recitation of the cause of action" in order to state a claim). Count I of the Complaint is therefore dismissed without prejudice as to Kane County.

**C. Lauzen's Motion to Dismiss**

Lauzen moves to dismiss the Complaint against him, contending that he is an unnecessary party to the action. Hare failed to oppose this argument in his response. Failure to meaningfully oppose an argument acts as a waiver. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (the court held that the plaintiff had waived the right to challenge the defendant's assertion of a statute of limitations defense by failing to oppose the defendant's argument in response to a motion to dismiss); *see also Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (appellee's failure to respond to argument put forth in

appellant's brief was an "acquiescence [to the position which] operate[d] as a waiver."). Accordingly, Lauzen's motion is granted.

Waiver aside, Hare's Complaint alleges claims against Lauzen in his official capacity as Chairman of the Kane County Board. (Compl. ¶ 8). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–472 (1985)). There is no need to bring a *Monell* claim against local government officials when the local government is already a named party. *See Graham*, 473 U.S. at 167 n.14.; *see also Jackson v. Marion Cnty. Sheriff's Dept.*, No. 93-2875, 1995 WL 564665, at *1 (7th Cir. Sept. 19, 1995) (such individuals are "superfluous" to the claim and need not be named).

For both of the reasons noted above, Lauzen's motion to dismiss is granted. Hare's claims against Lauzen are dismissed without prejudice.

## CONCLUSION

Because the Complaint sufficiently alleges the plausibility of a constitutional injury to Hare and for the reasons explained above, Sheriff Perez's Motion to Dismiss is denied. Kane County's Motion is granted in part and Lauzen's Motion is granted.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 15, 2014

9